UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DELANO DEJUAN MARTIN,

    Defendant.
_____/

Criminal Action No.
07-cr-20605-D1

HON. MARK A. GOLDSMITH

**OPINION AND ORDER DENYING DEFENDANT'S MOTION TO VACATE
SENTENCE UNDER 28 U.S.C. § 2255 (Dkt. 80)**

**I. INTRODUCTION**

Before the Court is Defendant Delano Dejuan Martin's motion to vacate sentence, pursuant to 28 U.S.C. § 2255 (Dkt. 80). Defendant argues that his counsel was ineffective because he misadvised Defendant regarding his status as a career offender. In particular, Defendant argues that, although he had two prior drug convictions, they should not have counted for purposes of determining career-offender status because Defendant was never sentenced to a term of imprisonment. Id. at 6. Because the Court concludes that Defendant misreads the applicable sentencing guideline, and, therefore, Defendant's counsel was not deficient, the Court denies Defendant's motion.

**II. BACKGROUND**

A federal grand jury returned an indictment against Defendant, among others, on December 5, 2007, charging him with one count of conspiracy to distribute heroin, in violation of 21 U.S.C. § 846. Indictment (Dkt. 1). The indictment charged that the conspiracy began around 2003. Id.

1

Defendant subsequently pled guilty pursuant to the terms of a Rule 11 plea agreement entered into between himself and the Government. Plea Agreement (Dkt. 73). That agreement set forth the following stipulated facts:

> On September 7, 2006, Martin, Will Hall ["Will"], and a juvenile [identified herein as "Carl"] were arrested at a motel after the juvenile was observed selling heroin at a nearby gasoline station. Martin was advised of his constitutional rights and admitted that he had been selling heroin for about three years; that he had sold about 500-600 grams of heroin during that time; and that he had hired Will and Carl in Detroit early in 2006 to sell heroin in Flint for him. He said he had also hired twins named Brad and Bryant; a man named "Unk"; and others to sell heroin for him. Martin was released pending further investigation.
>
> After his release, Martin continued his conspiracy to sell heroin in the Flint area. On November 10, 2006, Will and Carl were arrested for selling heroin at a residence on West Atherton Road in Flint; the homeowners both admitted that Martin had asked them to allow Will and Carl to sell heroin there, and that they had agreed, in exchange for heroin for their own use.
>
> On February 28, 2007, Martin was sentenced to 24 months' probation by the Genesee County Circuit Court for delivery of less than 50 grams of a controlled substance. He absconded from probation supervision and a warrant was issued for his arrest in March 2007 on a charge of probation violation. Martin continued to sell heroin in the Flint area, however, at least until August 28, 2007, when he supplied heroin to Bruce Adams and directed him to sell it from a motel on Center Road. Customers would contact Martin at cell phone number 618-2017, and Martin would direct them to the motel where Adams would sell the heroin.

Id. at 2-3.

The plea agreement also calculated the advisory guideline range applicable to Defendant. The agreement calculated his offense level as 31, and his criminal history category as III (five criminal history points). However, the plea agreement also specified that Defendant qualified as a career offender, resulting in the same base offense level, but a criminal history category of VI. Therefore, Defendant's advisory guideline range was calculated as 188-235 months. Id. at Worksheet C, D.

The Court sentenced Defendant to 188 months imprisonment on July 9, 2013. See Judgment (Dkt. 78). Defendant filed the instant motion to vacate sentence on March 17, 2014 (Dkt. 80).

### III. 28 U.S.C. § 2255 STANDARD

This motion is brought pursuant to 28 U.S.C. § 2255, which provides in pertinent part:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

To prevail on a section 2255 motion, "a petitioner must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea or the jury's verdict." Humphress v. United States, 398 F.3d 855, 858 (6th Cir. 2005) (internal citation omitted). Non-constitutional errors are generally outside the scope of section 2255 relief. See United States v. Cofield, 233 F.3d 405, 407 (6th Cir. 2000). A movant can prevail on a section 2255 motion alleging non-constitutional error only by establishing "a fundamental defect which inherently results in a complete miscarriage of justice, or, an error so egregious that it amounts to a violation of due process." Watson v. United States, 165 F.3d 486, 488 (6th Cir. 1999) (internal citation omitted).

A court should grant a hearing to determine the issues and make findings of fact and conclusions of law on a section 2255 motion "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). No hearing is required if the petitioner's allegations "cannot be accepted as true because they are

3

contradicted by the record, inherently incredible, or conclusions rather than statements of fact." Valentine v. United States, 488 F.3d 325, 333 (6th Cir. 2007) (quoting Arredondo v. United States, 178 F.3d 778, 782 (6th Cir. 1999)). "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion." Rules Governing § 2255 Cases, Rule 4(b).

## IV. DISCUSSION

Defendant argues that his counsel was ineffective in advising him that he qualified as a career offender under the sentencing guidelines. To satisfy the rigorous standard required to sustain such a claim, Defendant must show "(1) that counsel's performance was deficient in that it 'fell below an objective standard of reasonableness'; and (2) that the defendant was prejudiced as a result of his counsel's deficient performance." See United States v. Bailey, 547 F. App'x 756, 765 (6th Cir. 2013) (quoting Strickland v. Washington, 466 U.S. 668, 687-688 (1984)). The Court does not need to "address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697. Therefore, the Court will first consider whether Defendant's counsel incorrectly determined that Defendant qualified as a career offender. Because the Court concludes that counsel did not, the Court finds that counsel was not deficient.

**A. Sentencing Guidelines**

Section 4B1.1 of the United States Sentencing Guidelines ("U.S.S.G.") sets forth the requirements for determining whether a defendant qualifies as a career offender. Under that provision, "[a] defendant is a career offender if (1) the defendant was at least eighteen at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant

has at least two prior felony convictions of either a crime of violence or a controlled substance offense." Defendant does not dispute that the first two factors have been met; rather, he claims that his prior convictions do not qualify for consideration under the third prong.

Section 4B1.2(b) of the U.S.S.G. defines the term "controlled substance offense" as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manufacture, import, export, distribute, or dispense."

The term "two prior felony convictions" also is defined in the guidelines:

> The term "two prior felony convictions" means (1) the defendant committed the instant offense of conviction subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense . . ., and (2) the sentences for at least two of the aforementioned felony convictions are counted separately under the provisions of § 4A1.1(a), (b), or (c).

U.S.S.G. § 4B1.2(c). The Application Notes to section 4B1.2 also explain that a "prior felony conviction" means a "prior adult federal or state conviction for an offense punishable by death or imprisonment for a term exceeding one year, regardless of whether such offense is specifically designated as a felony and regardless of the actual sentence imposed."

The Application Notes to section 4B1.2 further provide that the "provisions of § 4A1.2 . . . . are applicable to the counting of convictions under § 4B1.1." Chapter 4, Part A governs the counting of convictions for purposes of calculating criminal history points and determining criminal history category. Section 4A1.1 makes countable certain "prior sentence[s] of imprisonment," see U.S.S.G. § 4A1.1(a), (b), and other "prior sentence[s]" not otherwise counted, id. at § 4A1.1(c). Section 4A1.2(a)(1), in turn, defines a "prior sentence" as "any

5

sentence previously imposed upon adjudication of guilt, whether by guilty plea, trial, or plea of nolo contendere, for conduct not part of the instant offense."

However, there are limitations on the counting of past convictions. For example, and as relevant to the instant case, "[a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period." U.S.S.G § 4A1.2(e)(1). Further, "[a]ny other prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted." Id. at § 4A1.2(e)(2). Finally, "[a]ny prior sentence not within the time periods specified above is not counted." Id. at § 4A1.2(e)(3).

Reading these provisions together, a prior felony conviction of either a crime of violence or a controlled substance offense may act as a predicate for a career-offender designation if it is punishable by more than a year imprisonment — regardless of the actual sentence imposed — and if it is countable for purposes of computing criminal history points. See United States v. Chatmon, 565 F. App'x 345, 348 (6th Cir. 2014) (holding that predicate offenses for the career offender guidelines are those convictions that qualify as a "sentence of imprisonment" under section 4A1.1(a) or (b) or as a "prior sentence" under section 4A1.1(c)); see also United States v. Williams, 753 F.3d 626, 637 (6th Cir. 2014) ("As § 4B1.2(c) of the Sentencing Guidelines makes clear, in order to count as one of the two 'prior felony convictions' under § 4B1.1(a), the sentences for the prior convictions . . . must add points to the defendant's criminal history under" sections 4A1.1(a), (b), or (c).).

**B. Analysis**

Defendant does not dispute that he has prior convictions for controlled substances: a 2001 sentence for possession with intent to deliver marijuana (2 years' probation); a 2003 sentence for possession with intent to deliver marijuana (2 years' probation); and a 2007 sentence for possession with intent to deliver heroin (2 years' probation). See Def. Mot. at 6. However, Defendant argues that the prior convictions should not have counted toward his career-offender status because "he received probation" and they "never resulted to a sentence of imprisonment, or being incarcerated during any part of the fifteen years preceding the commencement of his instant offense." Id. In other words, Defendant focuses on section 4A1.2(e)(1): that a prior conviction is countable if it resulted in a "prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense." Id. at 5-6.

The trouble with Defendant's argument, however, is that he ignores section 4A1.2(e)(2), i.e., that a "prior sentence that was imposed within ten years of the defendant's commencement of the instant offense is counted." This section does not require that the conviction result in an imprisonment sentence greater than 13 months to be countable; rather, it just requires that the sentence have been imposed within ten years of the commencement of the instant offense. Indeed, the Application Notes expressly state that a sentence of probation can count for purposes of section 4A1.1(c). See Application Note 2 to Section 4A1.2 ("A sentence of probation is to be treated as a sentence under § 4A1.1(c) unless a condition of probation requiring imprisonment of at least sixty days was imposed.").

Here, Defendant stipulated in his plea agreement that the instant offense — heroin conspiracy, in violation of 21 U.S.C. § 846 — commenced well within 10 years of 2001. See Plea Agreement at 2 (Dkt. 73). Therefore, the fact that Defendant received probation, rather than

7

imprisonment, on his earlier convictions does not preclude those convictions from being countable under section 4A1.1, and thus predicate offenses under section 4B1.1.

Nor are the offenses excludable under section 4B1.2. As noted above, that provision requires that the predicate conviction be "punishable by death or imprisonment for a term exceeding one year, . . . regardless of the actual sentence imposed." Application Note 1 to Section 4B1.2; see also United States v. McGhee, 161 F. App'x 441, 449 (6th Cir. 2005) (holding that "the actual sentence is not determinative; rather, it is potential exposure that determines whether a conviction qualifies as a prior felony conviction for career offender purposes"); United States v. Apodaca, 512 F. App'x 509, 513 (6th Cir. 2013). Defendant does not dispute that his prior convictions were punishable by a term of imprisonment exceeding one year, even if Defendant did not actually receive such a sentence. Therefore, because Defendant's prior drug offense convictions were countable under section 4A1.1, and punishable by a term of imprisonment exceeding one year under section 4B1.2, they qualified as predicate offenses for purposes of the career offender guidelines, section 4B1.1. Defendant's counsel was, therefore, not deficient in failing to argue against including these convictions as predicate offenses.

## C. Certificate of Appealability

Because Defendant's claim for relief lacks merit, the Court will also deny a certificate of appealability. To obtain a certificate of appealability, a petitioner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could conclude that the petition should have been resolved in a different manner, or that the issues presented were adequate enough for encouragement to proceed further. See Slack v. McDaniel, 529 U.S. 473, 483–484

(2000). For the reasons stated above, the Court will deny Defendant a certificate of appealability because reasonable jurists could not find this Court's assessment of his claims debatable.

## V. CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motion to Vacate Sentence Under 28 U.S.C. § 2255 (Dkt. 80).

SO ORDERED.


Dated: October 1, 2014         s:\Mark A. Goldsmith
       Detroit, Michigan        MARK A. GOLDSMITH
                                               UNITED STATES DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on October 1, 2014.

                                              s/Johnetta M. Curry-Williams
                                              JOHNETTA M. CURRY-WILLIAMS
                                              CASE MANAGER