UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

UNITED STATES OF AMERICA,  Case No. 07-20605

        Plaintiff/Respondent,  Hon. Mark Goldsmith
                                               United States District Judge

v.

DELANO DEJUAN MARTIN,

        Defendant/Petitioner.

### RESPONSE IN OPPOSITION TO MARTIN'S MOTION FOR IMMEDIATE RELEASE (ECF NO. 115)

Because there is no jurisdictional basis to modify Martin's sentence, the United States respectfully requests that this Court deny Delano Martin's motion for immediate release. Alternatively, the Court should refer it to the Sixth Circuit as a

request for a successive motion to vacate under § 2255. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

                                                Respectfully Submitted,

                                                SAIMA S. MOHSIN
                                                Acting United States Attorney

Dated: August 4, 2021                  s/ *Jules M. DePorre*
                                                JULES M. DePORRE
                                                Assistant United States Attorney
                                                600 Church Street
                                                Flint, MI 48502
                                                Phone: 810-766-5177
                                                Fax:810-766-5427
                                                jules.deporre@usdoj.gov
                                                P73999

## BRIEF

Delano Dejuan Martin, a federal prisoner, has moved for this Court to modify his sentence and grant him immediate release. (ECF No. 115, PageID. 486). Martin argues that the Sixth Circuit's decision in *United States v. Havis*, 927 F.3d 382 (6th Cir. 2019) retroactively applies to his sentence, which was calculated under the career offender provision of the United States Sentencing Guidelines. The Sixth Circuit has found that *Havis* is not retroactive. *Bullard v. United States*, 937 F.3d 654, 661 (6th Cir. 2019), so Martin is not entitled to relief. Moreover, Martin has not shown any jurisdictional basis for the Court to modify his sentence. The Court should therefore deny his motion.

Alternatively, if the Court liberally construes Martin's motion as a motion to vacate his sentence under § 2255, the Court should follow the procedure in *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997), and refer this motion to the Sixth Circuit as a petition to file a successive § 2255 motion.

## Background

In 2007 a federal grand jury indicted Martin and two co-defendants with one count of conspiracy to distribute 100 grams or more of heroin. (Indictment, ECF No. 1, PageID.1). Martin pleaded guilty under a Rule 11 Plea Agreement. (Rule 11, ECF No. 73, PageID.196-212). The worksheets attached to the plea agreement noted that the Martin's sentencing guideline range was 188 to 235 months, based

on the application of the sentencing guidelines' career offender provision. (ECF No. 73, PageID. 209). At sentencing, the Court imposed a custodial sentence of 188 months. (Judgment as to Martin, ECF No. 78, PageID 240).

In 2014, Martin filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 80), which the Court denied (ECF No. 85). In 2016, Martin moved for a sentencing reduction (ECF No. 88), which the Court denied. (ECF No. 90). At the same time, Martin filed a successive motion to vacate (ECF No. 89), which this Court transferred to the Sixth Circuit (ECF No. 90). The Sixth Circuit ultimately denied permission to file a successive motion to vacate for want of prosecution. (ECF No. 91).

In 2020, Martin requested compassionate release (ECF No. 97), which the Court denied (ECF No. 110). Martin moved for reconsideration (ECF No. 113), which the Court again denied (ECF No. 114).

This year, Martin filed a pro se "motion for immediate release" in which he asked the Court to modify his sentence and release him immediately. (ECF No. 115, PageID. 483). The Court has ordered the government to respond. (ECF No. 116, PageID 497).

After filing his motion for immediate release, Martin again moved for compassionate release. (ECF No. 118). The Court denied the motion without prejudice and has appointed counsel. (ECF No. 119).

Martin's motion for immediate release (ECF No. 115) is the only pending motion before the Court.

## Discussion

### *There is no jurisdiction to modify Martin's sentence.*

A district court has "no inherent authority . . . to modify an otherwise valid sentence." *United States v. Washington*, 584 F.3d 693, 700 (6th Cir. 2009). Rather, a district court's authority to modify a defendant's sentence is "narrowly circumscribed." *United States v. Houston*, 529 F.3d 743, 753 n.2 (6th Cir. 2008). Absent a specific statutory exception, a district court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Those statutory exceptions are narrow. *United States v. Ross*, 245 F.3d 577, 586 (6th Cir. 2001).

No statutory exception applies to Martin. *See* 18 U.S.C. § 3582(c). Nor does Martin cite to any. Because of this, the Court should deny Martin's motion.

Even if the Court liberally construes Martin's motion as a motion to vacate under § 2255, Martin has not sought permission from the court of appeals under 28 U.S.C. § 2244(b)(3) to file a successive motion to vacate. But even if he sought permission, Martin cannot show any jurisdiction for the Court to hear his claim. A second or successive 2255 motion is only

permitted if it is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court." 28 U.S.C. § 2255(h)(2). Martin's motion is based on the Sixth Circuit's decision in *Havis*, but the Sixth Circuit has already decided that *Havis* is not retroactive. "[O]ur decision in *Havis* is not a new rule of constitutional law that the Supreme Court has made retroactive." *Alexander v. United States*, No. 19-4005, 2020 WL 6111201, at *2 (6th Cir. June 30, 2020). *See also Bullard*, 937 F.3d at 661 holding that *Havis* is not retroactive on collateral review.

If the Court construes Martin's motion (ECF No. 115) as a successive habeas petition, the Court should refer it to the Sixth Circuit as an application under 2244(b)(3). Ultimately, however, Martin is not entitled to relief because *Havis* is not retroactive.

Respectfully Submitted,

SAIMA S. MOHSIN
Acting United States Attorney

Dated: August 4, 2021

s/ *Jules M. DePorre*
JULES M. DePORRE
Assistant United States Attorney
600 Church Street
Flint, MI 48502
Phone: 810-766-5177
Fax:810-766-5427
jules.deporre@usdoj.gov
P73999

6

## CERTIFICATE OF SERVICE

I hereby certify that on August 4, 2021, I electronically filed the foregoing Response and Brief with the Clerk of the Court using the ECF system, and I hereby certify that I have mailed by United States Postal Service a copy of the foregoing Response and Brief to the following non-ECF participants:

>Delano Dejuan Martin 47107-039
>U.S.P Atwater
>PO Box 19001
>Atwater, CA 95301

>>/s/ Jules M. DePorre
>>Assistant United States Attorney