UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

DELANO DEJUAN MARTIN,

    Defendant.
_____/

Case No. 07-cr-20605

HON. MARK A. GOLDSMITH

## ORDER DENYING DEFENDANT'S MOTION FOR IMMEDIATE RELEASE UNDER 28 U.S.C. § 3582(c) AND TRANSFERRING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255 (DKT. 115) TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

This matter is before the Court on Defendant Delano Dejuan Martin's motion for immediate release (Dkt. 115).  In his motion, Martin seeks modification of his sentence, arguing that he was sentenced based on his erroneous classification as a career offender.  For the reasons that follow, the Court denies the motion to the extent that Martin seeks a sentence modification under 28 U.S.C. § 3852(c) and transfers the motion to the Sixth Circuit to the extent he seeks relief under 28 U.S.C. § 2255.

On March 7, 2013, Martin pleaded guilty to conspiracy to distribute 100 grams or more of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  Plea Agreement (Dkt. 73).  In the plea agreement, the parties stipulated that Martin's sentencing guidelines range was 188 to 235 months' imprisonment, based on his status as a career offender.  Id. at PageID.209.  The Court ultimately sentenced Martin to 188 months' imprisonment.  Judgment (Dkt. 78).

In his motion, Martin contends that his classification as a career offender was premised on a state-court conviction for possession with intent to deliver heroin.  Mot. at 2.  This classification,

he maintains, was erroneous under United States v. Havis, 927 F.3d 382, 387 (6th Cir. 2019), in which the Sixth Circuit held that attempt crimes no longer qualify as controlled substance offenses for purposes of the career offender enhancement. Accordingly, he seeks a reduction of his sentence.

A court may not modify a term of imprisonment once it has been imposed, except in limited circumstances. 18 U.S.C. § 3582(c). For example, a court may modify a sentence if it finds that extraordinary and compelling reasons (e.g., the defendant's medical condition, advanced age, or family circumstances) warrant such a modification, or if the defendant is of an advanced age and has served at least 30 years of a life sentence. 18 U.S.C. § 3582(c)(1); U.S.S.G. 1B1.13 cmt. n.1(A)-(C). Additionally, courts may reduce a term of imprisonment where a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if a reduction is supported by the sentencing factors and is consistent with the Sentencing Commission's policy statements. 18 U.S.C. § 3582(c)(2). Because none of these circumstances applies here, the Court lacks authority to modify Martin's sentence under § 3582(c).

To the extent that Martin's motion may alternatively be construed as a motion to vacate his sentence under 28 U.S.C. § 2255, the Court lacks jurisdiction to consider this claim. On October 1, 2014, the Court denied Martin's first motion to vacate sentence under § 2255 (Dkt. 80). "[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from [the Sixth Circuit], the district court shall transfer the document to [the Sixth Circuit] pursuant to 28 U.S.C. § 1631." In re Sims, 111 F.3d 45, 47 (6th Cir. 1997). Accordingly, since the present motion may reasonably be construed as a second

motion to vacate sentence under § 2255, it is transferred to the United States Court of Appeals for the Sixth Circuit.

    SO ORDERED.

Dated: August 5, 2021                  s/Mark A. Goldsmith
   Detroit, Michigan             MARK A. GOLDSMITH
                                           United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 5, 2021.

                                           s/Karri Sandusky
                                           KARRI SANDUSKY
                                           Case Manager